UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KIMMARIE NORMAN, Individually and on Behalf of All Others Similarly Situated, Plaintiff<br><br>- against -<br><br>3750 BROADWAY BCR, LLC and BO's BAGELS, LLC,<br><br>Defendants | 26 Civ. 357<br><br>**COMPLAINT**<br><br>Plaintiff Demands Trial by Jury |

Plaintiff, Kimmarie Norman, by and through her counsel, James E. Bahamonde, Esq. from the Law Offices of James E. Bahamonde, PC respectfully alleges against Defendants 3750 BROADWAY BCR, LLC and BO's BAGELS, LLC:

## STATEMENT OF CLAIM

1. Despite the unequivocal mandate of the ADA which has been in place for more than 3 decades, Defendants have elected to disregard their legal obligation by failing to remove existing unlawful architectural barriers at its public accommodation. This deliberate indifference constitutes an ongoing policy and practice that systemically denies Plaintiff, and all other individuals who use wheelchairs or scooters due to disabilities, equal access to and full enjoyment of Defendants' facilities. As a result, mobility impaired individuals are unjustly excluded from the benefits, privileges, and services that a public accommodation is required to provide under the law..

2. Plaintiff files this action on behalf of herself and as an action for those similarly situated, complaining of violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182 *et seq.*, New York State Civil Rights Law § 40-c and 40-d, New York State Human Rights Law § 296 *et seq.*, and New York City [Administrative Code] Human Rights

Law § 8-107 *et seq*.

3. Plaintiff seeks damages, declaratory and injunctive relief, as well as fees and costs against the Defendants.

## VENUE AND JURISDICTION

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the Americans with Disabilities Act ("ADA").

5. The jurisdiction of this court is invoked pursuant to 28 U.S.C. Sections 1331 and 2201 and through the Americans with Disabilities Act, 42 U.S.C.A. § 12181 et seq.

6. The Court has supplemental jurisdiction over Plaintiff's allegations arising from Defendants' state and local law violations pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, alleged herein, occurred in this district.

## PARTIES

8. That at all times hereinafter mentioned, Plaintiff is now, and at all times mentioned in this complaint, a resident of New York County New York, New York.

9. Defendant 3750 Broadway BCR, LLC is a New York domestic limited liability company authorized by the Secretary of the State of New York to do business in New York State with its principal County of business designated as New York County.

10. Defendant 3750 Broadway BCR, LLC is owner of the commercial property which houses a public accommodation named Bo's Bagels, LLC located at 3750 Broadway, New York, NY 10032.

11. Defendant Bo's Bagels, LLC is a New York domestic limited liability company authorized by the Secretary of the State of New York to do business in New York State with its principal County of business designated as New York County.

## CLASS ACTION

12. Plaintiff brings this suit for declaratory and injunctive relief and, as a class action for all those similarly situated, who, as persons who must use a wheelchair by reason of various disabilities, and who use or desire to use the services and accommodations offered to the public by Defendant, are protected by, and are beneficiaries of the ADA and New York State Law.

13. Plaintiff, complaining for herself and all other residents in the City of New York and State of New York, similarly situated, alleges: (a) the class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable; (b) there are questions of law or fact common to the class which predominate over any questions affecting only individual members; (c) the claims or defenses of the representative parties are typical of the claims or defenses of the class; (d) the representative parties will fairly and adequately protect the interests of the class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## STATUTORY SCHEME

14. The 2020 United States Census indicates that more than 61 million persons in the United States have a disability. More than 535,000 New York City residents live with an ambulatory disability.

15. Pursuant to the ADA, New York State Human Rights Law, and New York City Human Rights Law, individuals with disabilities are a protected class.

16. It is unlawful for a private entity which owns, leases to or operates a place of public accommodations to discriminate against an individual with a disability.

17. The ADA, New York State Human Rights Law, and New York City Human Rights Law requires a public accommodation to be readily accessible to and usable by a disabled individual.

18. Construction and accessibility alterations made on or after March 15, 2012 must comply with the 2010 ADA Standards for Accessible Design. *See* 28 CFR Part 36 Subpart D and ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendices B and D. (The 2010 ADA Standards for Accessible Design are hereinafter referred to as “2010 Standards”).

19. Construction and accessibility alterations commenced after January 26, 1992, and before September 15, 2010, must comply with the 1991 ADA Accessibility Standards. *See*, 28 CFR Part 36 Appendix A. (The 1991 ADA Accessibility Standards are hereinafter referred to as “1991 Standards”).

20. Where a public accommodation undertakes an alteration that affects or could affect usability of or access to the public accommodation, it must implement accessibility alterations to the maximum extent feasible so that the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area are readily accessible to and usable by individuals with disabilities, including the path of travel from the sidewalk to the entrance.

21. Public accommodations have a continuous legal obligation to remove all readily achievable barriers which denies a disabled individual with the opportunity to participate in or benefit from services or accommodations.

22. Failure to remove all readily achievable architectural barriers is defined as disability discrimination in violation of the ADA, New York State Human Rights Law, and New York City Human Rights Law.

23. The ADA requires a public accommodation to make reasonable modifications to the policies, practices, or procedures to afford access to persons with disabilities that is equal to the access afforded to individuals without disabilities.

24. The landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation have a non-delegable duty to comply with the ADA and New York City Human Rights Law.

25. Public accommodation located in the City of New York must comply with the Building Code of the City of New York (hereinafter referred to as “BCCNY”). Where BCCNY and ADAAG differ, the standard that provides greater or equal protection for the right of individuals with disabilities shall prevail.

26. The landlord and owner of a property which houses a public accommodation are liable for their tenant’s failure to comply with the ADA, New York City Human Rights Law or New York State Human Rights Law. Property leases which contain contradictory language is superseded by the ADA.

27. Discriminatory intent is not required to establish liability under ADA, New York City Human Rights Law, and New York State Human Rights Law.

## FACTUAL BACKGROUND

28. Plaintiff is paralyzed and cannot walk. As a result, she uses a wheelchair for mobility.

29. Defendant 3750 Broadway BCR, LLC owns or leases the commercial property which houses the public accommodation named Bo’s Bagels, LLC located at 3750 Broadway, New York, NY 10032 (hereinafter ‘public accommodation’).

30. Defendant Bo's Bagels, LLC owns or operates the public accommodation named Bo's Bagels located at 3750 Broadway, New York, NY 10032.

31. Upon information and belief, the floor elevation of the immediate entrance of the public accommodation is within 18 inches of the sidewalk.

32. Upon information and belief, since 1992, Defendants public accommodation has undergone alterations to the areas which affects or could affect access to or usability of its place of public accommodation.

33. Upon information and belief, Defendants have made construction and accessibility alterations to the commercial space which houses its public accommodation on or after March 15, 2012.

34. Since June 2025, Plaintiff had visited Defendants' public accommodation multiple times. However, was unable to enter because of the unlawful architectural barriers identified below.

35. Features of Defendants' public accommodation inaccessible to Plaintiff, and others similarly situated, are including but not limited to:

a. The entrance to the public accommodation is not part of an accessible route from the public streets and sidewalks in violation of the 1991 Standards § 4.3.2 and 4.3.3; 2010 Standards § 206.2.1.

b. There does not exist an accessible route to enter Defendants' public accommodation in violation of 28 CFR § 36.403(e); 1991 Standards § 4.3.2; 2010 Standards § 402.

c. An accessible means of egress is not provided in violation of the 1991 Standards § 4.3.10; 2010 Standards § 207.1.

d. The front counter is higher than 34 inches above the finished floor in violation of 1991 Standards 5.2.

e. The front counter is higher than 36 inches above the finished floor in violation of 2010 Standards §§ 227 and 904.

f. The walkway to enter Defendants' public accommodation has unlawful changes in level and openings in violation of the 1991 Standards § 4. 5.2; 2010 Standards §§ 302 and 303.2.

g. There is insufficient maneuvering clearance perpendicular to the entrance door in violation of the 1991 Standards § 4.13.6, Fig. 25; 2010 Standards § 404.2.

h. Upon information and belief, the closing speed of the entrance door is more than 5 seconds in violation of the 2010 Standards § 404.2.8.

i. There is insufficient maneuvering clearance perpendicular to each of its 2 entrances in violation of the 1991 Standards § 4.13.6, Fig. 25; 2010 Standards § 404.2.4.

j. Both entrance doors are recessed, and there is insufficient maneuvering clearance for forward approach to open either door, measured perpendicular to the face of the doors in violation of 2010 Standards 404.2.4.3.

k. Upon information and belief, the public access bathrooms are inaccessible in violation of the 1991 Standards and 2010 Standards.

36. There is sufficient clearance to install a parallel ramp abutting Defendant' entrance in compliance with the ADA.

37. Plaintiff resides less than two blocks from Defendants' public accommodation and is frequently near the public accommodation.

38. The removal of existing architectural barriers is readily achievable.

39. To date, Defendants have failed to remove the architectural barriers.

40. Plaintiff is deterred from visiting Defendants' noncompliant accommodation because of the existing accessibility barriers.

41. Plaintiff has the intention to enter and use the services of Defendants' public accommodation once it becomes readily accessible to and usable.

**FIRST CAUSE OF ACTION**
**(Violation of the Americans with Disabilities Act)**
(Injunctive Relief)

42. Plaintiff has a disability as that term is defined by the ADA .

43. Defendants' public accommodation, Bo's Bagels located at 3750 Broadway, New York, NY 10032, is a public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181; 28 C.F.R. § 36.104, New York State Human Rights Law § 292(9), and New York City Administrative Code § 8-102(9) ("place or provider of public accommodation").

44. Defendant 3750 Broadway BCR, LLC owns a place that houses a public accommodation named Bo's Bagels located at 3750 Broadway, New York, NY 10032.

45. Defendant Bo's Bagels, LLC owns and leases a public accommodation named Bo's Bagels located at 3750 Broadway, New York, NY 10032.

46. Defendants have failed to remove all architectural barriers that are structural in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

47. The primary function of Defendants' public accommodation is dining and food service.

48. Defendants failed to make alterations to their public accommodation pursuant to the 1991 Standard and 2010 Standard.

49. Defendants' public accommodation was first occupied after January 26, 1993.

50. Defendants failed to design and construct its public accommodation that is readily accessible to and usable by Plaintiff in violation of 42 U.S. Code § 12183(a)(1).

51. It is not structurally impracticable for Defendants' public accommodation to be accessible.

52. Defendants' public accommodation is not fully accessible to, or readily useable by individuals with disabilities.

53. Since 1992, Defendants' public accommodation has undergone alterations to the areas which affects or could affect access to or usability of its place of public accommodation.

54. Defendants failed to make alterations in such a manner that, to the maximum extent

feasible, the altered portions of the public accommodation are readily accessible to and usable by individuals with disabilities in violation of 42 U.S. Code § 12183(a)(2).

55. It is not impossible for Defendants to remove the architectural barriers which exist at its public accommodation.

56. Defendants' public accommodation is not fully accessible to, or readily useable by individuals with mobility disabilities who use wheelchairs.

57. Defendants have discriminated against Plaintiff, and all others similarly situated, on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of its public accommodation in violation of 42 U.S. Code § 12182(a).

58. Defendants have subjected Plaintiff, and all others similarly situated, on the basis of disability, directly, or through contractual, licensing, or other arrangements, denial of the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of Defendants in violation of 42 U.S. Code § 12182(b)(1)(A)(i).

59. Defendants have afforded Plaintiff, and all others similarly situated, on the basis of disability, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is equal to that afforded to other individuals in violation of 42 U.S. Code § 12182(b)(1)(A)(ii).

60. Defendants have provided Plaintiff, and all others similarly situated, on the basis of disability, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals in violation of 42 U.S. Code § 12182(b)(1)(A)(ii).

61. Defendants have not afforded Plaintiff, and all others similarly situated, the goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate in violation of 42 U.S. Code § 12182(b)(1)(B).

62. Defendants have denied Plaintiff, and all others similarly situated, the opportunity to participate in such program or activities that is not separate or different in violation 42 U.S. Code § 12182(b)(1)(C).

63. Defendants have imposed or applied an eligibility criteria that screened out or tended to screen out Plaintiff, and all others similarly situated, from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations being offered in violation of 42 U.S. Code § 12182(b)(2)(A)(i).

64. Defendants have failed to make reasonable modifications in their policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to Plaintiff in violation of 42 U.S. Code § 12182(b)(2)(A)(ii).

65. Defendants have failed to remove all architectural barriers that are structural in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

66. Defendants should have achieved accessibility by January 26, 1992.

67. The barriers to access Defendant's public accommodation continue to exist.

68. Reasonable modification exist which do not impose an undue hardship on the operation of the Defendant's program or activity.

69. Reasonable modification could be made which do not fundamentally alter the nature of the Defendant's program or activity.

70. The removal of existing architectural barriers is readily achievable.

**SECOND CAUSE OF ACTION**
**(Violations of New York State Human Rights Law)**
(Injunctive Relief and Damages on Behalf of Plaintiff)

71. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

72. Plaintiff has a disability as defined by New York State Human Rights Law.

73. Defendant 3750 Broadway BCR, LLC owns, operates, or leases a public accommodation, Bo's Bagels, within the meaning of New York State Human Rights Law § 292(9).

74. Defendants have not provided Plaintiff and others similarly situated with evenhanded treatment in violation of New York State Human Rights Law § 296.

75. Defendants' direct or indirect unevenhanded treatment of Plaintiff and others similarly situated is demonstrated when he was segregated from all other customers.

76. Defendants have, because of Plaintiff's disability, directly or indirectly, refused, withheld from or denied Plaintiff any of the accommodations, advantages, facilities or privileges of their public accommodation.

77. Defendants have demonstrated that the patronage or custom thereat of Plaintiff and others similarly situated, is unwelcome, objectionable or not acceptable, desired or solicited.

78. Defendants and its agents discriminated against Plaintiff in violation of New York State Human Rights Law § 296.

79. Defendants discriminated against Plaintiff by creating, fostering, and otherwise failing to prevent or remedy the discrimination against Plaintiff in violation of New York State Human Rights Law § 296.

80. As a direct and proximate result of the disability discrimination perpetrated by

Defendants in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer physical and emotional distress and pain -- including but not limited to great levels of fear, anxiety, indignity, humiliation, loss of self-esteem and self-confidence, migraine headaches and attendant bodily injury, violently ill, vomiting, physical and emotional pain, and otherwise sustained injury.

**THIRD CAUSE OF ACTION**
**(Violation of New York State Civil Rights Law)**
(Statutory Damages on Behalf of Plaintiff)

81. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

82. On the basis of Plaintiff's disability, Defendants have violated her Civil Rights.

83. Consequently, Plaintiff is entitled to recover the penalty prescribed by Civil Rights Law § 40-c and 40-d, in the amount of $500 for each and every violation.

84. Pursuant to NY Civil Rights law, Defendants are guilty of a class A misdemeanor.

85. Notice of the action has been served upon the Attorney-General as required by Civil Rights Law § 40-d.

**FOURTH CAUSE OF ACTION**
(Disability Discrimination in Violations of NYC Human Rights Law)
(Injunctive Relief and Damages on Behalf of Plaintiff)

86. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

87. Plaintiff is an individual with a disability as that term is defined by NYC Human Rights Law.

88. Bo's Bagels located at 3750 Broadway, New York, NY 10032 is a place or provider of public accommodation within the meaning of New York City Administrative Code § 8-102(9).

89. Defendants' refusal, withheld from or denial to a disabled person the full and equal enjoyment, on equal terms and conditions, of any of the accommodations, advantages, services, facilities or privileges of the place or provider of public accommodation constitutes discrimination in violation of New York City Admin. Code § 8-107(4).

90. Defendants' practice to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of such person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by NYC Human Rights Law constitutes discrimination in violation of New York City Human Rights Law, Administrative Code § 8-107(19).

91. In violation of New York City Admin. Code, Defendants have unlawfully discriminated against Plaintiff and all others similarly situated.

92. In violation of New York City Admin. Code, the owner, lessee, proprietor, manager, agent and employee of defendants' public accommodation, have, because of the actual or perceived disability of the Plaintiff, directly or indirectly, refused, withheld from and denied Plaintiff the accommodations, advantages, facilities or privileges thereof.

93. In violation of New York City Admin. Code, on the basis of Plaintiff's disability, Defendants have demonstrated that the patronage or custom of Plaintiff and all others similarly situated, is unwelcome, objectionable, and not acceptable.

94. Pursuant to New York City Human Rights Law § 8-502, notice of this action has been served upon New York City's Commission on Human Rights.

95. As a direct and proximate result of Defendants disability discrimination in violation of the New York City Human Rights Law, Plaintiff has suffered and continues to suffer physical and emotional distress and pain -- including but not limited to great levels of fear,

anxiety, indignity, humiliation, loss of self-esteem and self-confidence, migraine headaches and attendant bodily injury, violently ill, vomiting, physical and emotional pain, and otherwise sustained injury.

**FIFTH CAUSE OF ACTION**
**(Failure to Reasonably Accommodate in violation of NYC Human Rights Law § 8-107(15))**
(Injunctive Relief and Damages on Behalf of Plaintiff)

96. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

97. Reasonable accommodations and modifications are necessary to enable Plaintiff and all others similarly situated the ability to enjoy the non-restricted access and use of the public accommodation in question.

98. The conduct of Defendants constitutes a failure to provide Plaintiff reasonable accommodations and modifications in violation of NYC Human Rights Law 8-107(15).

99. In violation of New York City Admin. Code 8-102(4) and (18), and 8-107(4) and 8-107(15), Defendants have not reasonably accommodated Plaintiff and others similarly situated.

100. The necessary reasonable accommodation does not cause Defendants an undue hardship.

101. The conduct of Defendants constitutes discrimination for refusal, or otherwise failure to engage in good faith in a cooperative dialogue within a reasonable time with a person who has requested an accommodation or who the covered entity has notice may require an accommodation related to disability in violation of New York City Human Rights Law, Administrative Code § 8-107(28)(c).

102. As a direct and proximate result of Defendants disability discrimination in violation of the New York City Human Rights Law, Plaintiff has suffered and continues to suffer

physical and emotional distress and pain -- including but not limited to great levels of fear, anxiety, indignity, humiliation, loss of self-esteem and self-confidence, migraine headaches and attendant bodily injury, violently ill, vomiting, physical and emotional pain, and otherwise sustained injury.

**SIXTH CAUSE OF ACTION**
**(Declaratory Relief)**

103. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

104. Plaintiff is entitled to a declaratory judgment concerning the violations committed by Defendants specifying the rights of Plaintiff and other persons similarly situated as to the policies, practices, procedures, facilities, goods and services provided by Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the following relief from the Court:

A. Certify this case as a class action;

B. Enter declaratory judgment specifying Defendants' conduct as alleged here has violated, and continues to violate, Title III of the ADA, New York State law, and New York City Administrative Code, and its implementing regulations and declaring the rights of Plaintiff and other persons similarly situated as to the policies, practices, procedures, facilities, goods and services offered by Defendants to the public.

C. Issue a permanent injunction 1) proscribing disability discrimination, 2) requiring Defendants to alter its public accommodation making such public accommodation readily accessible to and usable to individuals with disabilities, 3) adopt a policy and procedure to handle requests for reasonable accommodations; and 4) compelling Defendants to make all

necessary modifications to Defendants' policies or practices so that Plaintiff will not be subject to further discrimination, in accordance with New York State Human Rights Law, New York City Human Rights Law, and Title III of the ADA.

D. Pursuant to New York State Civil Rights Law § 40-c and 40-d, hold Defendants liable for $500 for *each* and every violation.

E. Pursuant to New York State Civil Rights Law § 40-d, find Defendants guilty of a class A misdemeanor for violating New York State civil rights law.

F. The court retain jurisdiction over the Defendants until the court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur.

G. Award Plaintiff compensatory damages in the amount to be determined at trial for Defendants' violation of New York State Human Rights Law and New York City Administrative Code.

H. Award Plaintiff punitive damages in the amount to be determined at trial for Defendants' violation of New York State Human Rights Law and New York City Administrative Code.

I. Find that Plaintiffs are a prevailing party in this litigation and award reasonable attorney fees, costs and expenses, and such other and further relief, at law or in equity, to which the Plaintiff and other persons similarly situated may be justly entitled.

Dated: January 10, 2026

LAW OFFICES OF JAMES E. BAHAMONDE, P.C.

X__/s/ James Bahamonde____________

JAMES E. BAHAMONDE, ESQ.
Attorney for the Plaintiff(s)
Tel: (646) 290-8258
Fax: (646) 435-4376
E-mail: james@civilrightsNY.com